UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 SEP 14  A 10: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | COURT NO. |
| ) | |
| MICHAEL R. LESLIE-DODGE and ) | **04-40183** |
| KIM E. DODGE, ) | |
|         Defendants ) | |

## COMPLAINT FOR MONEY JUDGMENT

The United States of America by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, alleges as its complaint that:

1. The district court has jurisdiction under 28 U.S.C. § 1345 over this civil action.

2. The plaintiff is the United States of America, acting by the Farm Service Agency ("FSA"), a successor to the Farmers Home Administration, United States Department of Agriculture.

3. The defendant, Michael R. Leslie-Dodge (hereinafter "Leslie-Dodge"), is an adult individual whose last-known address is 20 Finlay Road, Sturbridge, Massachusetts.

4. The defendant, Kim E. Dodge, is an adult individual whose last-known address is 20 Finlay Road, Sturbridge, Massachusetts. Kim E. Dodge is the mother of Leslie-Dodge.

5. On or about July 1, 1998, FSA loaned to Leslie-Dodge the sum of $3,300 pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1941(b). The loan was evidenced by a promissory note, which was signed by Leslie-Dodge and co-signed by Kim E. Dodge. A copy of the note is attached hereto as Exhibit "A".

6. At the time Leslie-Dodg signed the promissory note, he was a minor.

7. The authorizing statute, 7 U.S.C. §1941 (b)(2), specifically provides that minors who execute promissory notes for such loans "thereby incur full personal liability the indebtedness evidenced by such note in accordance with its terms free of any disability of minority."

8. Defendants failed or refused to pay in accordance with the terms of the promissory note, and FSA accelerated the indebtedness on April 11, 2002.

9. The amounts due and owing on the promissory note as of July 27, 2004, are $3,300 in principal and $577.25 in interest, for a total of $3,877.25, with interest accruing at the rate of $0.5425 per diem, all as set forth on a statement of account attached hereto as Exhibit "B."

THEREFORE, the United States of America demands judgment against the Defendants in the amount of $3,877.25 plus interest at the rate of $0.5425 per diem from July 27, 2004 until the date of judgment, plus the costs of this action.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its attorneys

        MICHAEL J. SULLIVAN
        United States Attorney

By:    */s/ Christopher R. Donato*
        CHRISTOPHER R. DONATO
        Assistant U.S. Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA  02210
        (617) 748-3328

DATED: September 13, 2004

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

## PROMISSORY NOTE

| KIND OF LOAN |
|---|
| Type: __O.L.__   ☒ Regular<br>☐ Limited Resource<br>Pursuant to:<br>☒ Consolidated Farm & Rural Development Act<br>☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Name |
|---|
| MICHAEL R. LESLIE-DODGE |

| State | County |
|---|---|
| MASSACHUSETTS | WORCESTER |

| Case No. | Date |
|---|---|
| 25-016-▓▓▓▓4926 | July 1, 1998 |

| Fund Code | Loan No. |
|---|---|
| 44 | 01 |

| ACTION REQUIRING NOTE | |
|---|---|
| ☒ Initial loan | ☐ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☐ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __HOLDEN, MA__, or at such other place as the Government may later designate in writing, the principal sum of __THREE THOUSAND THREE HUNDRED AND NO/100__ dollars ($ __3,300.00__ ), plus interest on the unpaid principal balance at the RATE of __SIX__ percent ( __6.00__ %) per annum and __ZERO__ dollars ($ __0.00__ ) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __EIGHT__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ 592.00 | on 1/1/99 | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |

and $ __592.00__ thereafter on __January 1__ of each __year__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __SEVEN__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.



EXHIBIT A

FmHA 1940-17 (Rev. 4-92)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT**: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

As Cosigner:

_Kim E. Dodge_
KIM E. DODGE

_Michael R. Leslie-Dodge_   (Borrower)
MICHAEL R. LESLIE-DODGE

20 FINLAY ROAD

FISKDALE, MA 01518

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 3,300.00 | 7/1/98 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 3,300.00 | |

# FARM SERVICE AGENCY
## 445 WEST STREET
## AMHERST, MA  01002

### INDEBTEDNESS AS OF  07-27-04
### (PER ADPS)

**NAME:** MICHAEL R. LESLIE-DODGE
**CASE NUMBER:** 25-016-▮▮▮▮4926

| FUND CODE/ LOAN NO. | DATE OF LAST PAYMENT | UNPAID PRINCIPAL | UNPAID INTEREST | DAILY INTEREST ACCRUAL | DELINQUENT AS OF: 07-27-04 |
|---|---|---|---|---|---|
| 44-01 | 05-24-04 | $ 3,300.00 | $ 577.25 | $ .5425 | $ 2,927.15 |

$ 3,877.25

_____
CARRIE L. NOVAK
Farm Loan Chief

Commonwealth of Massachusetts
                                      ss.
County of Hampshire

On this 27th day of July, 2004, before me, the undersigned Notary Public, personally appeared Carrie L. Novak, proved to me through satisfactory evidence of identification, which was a Massachusetts Drivers License, to be the person whose name is signed on the preceding document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.



_____
JANE ANN RICE
Notary Public

My Commission Expires January 29, 2010



EXHIBIT B

JS 44 (Rev. 3/99)                    **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
UNTIED STATES OF AMERICA

### DEFENDANTS
MICHAEL R. LESLIE-DODGE and KIM E. DODGE

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Worcester 25027
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
CHRISTOPHER R. DONATO, AUSA
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA 02210
(617) 748-3303

Attorneys (If Known)

**04-40183**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | [X] 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 630 Liquor Laws | | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R & Truck | **PROPERTY RIGHTS** | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 830 Patent | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 690 Other | 840 Trademark | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | **PERSONAL INJURY** 362 Personal Injury – Med. Malpractice | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | 365 Personal Injury – Product Liability | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 368 Asbestos Personal Injury Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | **PERSONAL PROPERTY** | 790 Other Labor Litigation | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 370 Other Fraud | 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 371 Truth in Lending | | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 380 Other Personal Property Damage | | 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | 385 Property Damage Product Liability | | | |
| | **CIVIL RIGHTS** | | | |
| | 441 Voting | | | |
| | 442 Employment | | | |
| | 443 Housing/Accommodations | | | |
| | 444 Welfare | | | |
| | 440 Other Civil Rights | | | |
| | **PRISONER PETITIONS** | | | |
| | 510 Motions to Vacate Sentence Habeas Corpus: | | | |
| | 530 General | | | |
| | 535 Death Penalty | | | |
| | 540 Mandamus & Other | | | |
| | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. SECTION 1345    Default of government guaranteed loan

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 3,877.25
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/13/04    SIGNATURE OF ATTORNEY OF RECORD Christopher R. Donato

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S.A. v. Michael R. Leslie-Dodge and Kim E. Dodge

FILED
2004 SEP 14 A 10: 49
DISTRICT OF MASS.

04-40183

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121
            for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   _X_ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___   NO ___

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___   NO ___

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___   NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___   NO ___

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ___   NO ___

   A. IF YES, IN WHICH DIVISION DO **ALL** OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION    **CENTRAL DIVISION**    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT) Christopher R. Donato,    Assistant U.S. Attorney
ATTORNEY'S NAME
ADDRESS  U.S. Attorney's Office, 1 Courthouse Way-Suite 9200, Boston, MA 02210
TELEPHONE NO.  617 748 3303

(Cover sheet local.wpd - 11/27/00)