U.S. Department of Justice
United States Marshals Service

PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | 04-40183 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Michael R. Leslie-Dodge | Summons & Complaint |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Michael Leslie Dodge

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

20 Finley Road, Sturbridge, MA 01566

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Nancy Rojas
Financial Litigation Unit
U.S. Attorney's Office
1 Courthouse Way
Boston, MA 02210

Number of process to be served with this Form - 285: 1
Number of parties to be served in this case: 1
Check for service on U.S.A.

Stamp: RECEIVED U.S. MARSHAL SERVICE BOSTON, MA 2004 NOV 30 A [illegible] 43

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Please make service prior to December 21, 2004

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
TELEPHONE NUMBER: 617-748-3288
DATE: 11/30/04

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)

Total Process: 1
District of Origin No.: 38
District to Serve No.: 38
Signature of Authorized USMS Deputy or Clerk: Nancy Talamini
Date: 11/30/04

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above):

Address (complete only if different than shown above):

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Date of Service: 
Time:     am    pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or Amount of Refund |
|---|---|---|---|---|---|
| 180.00 | | | 180.00 | | |

REMARKS:
12/8 - 8pm  Not @ Home
12/10 3:30 pm
12/14 - 7pm - not home
12/22  5pm - Not home

PRIOR EDITIONS MAY BE USED         1. CLERK OF THE COURT         FORM USM-285 (Rev. 12/15/80)

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

UNTIED STATES OF AMERICA

V.

MICHAEL R. LESLIE-DODGE

SUMMONS IN A CIVIL CASE

CASE NUMBER:   04-40183

TO: (Name and address of defendant)

Michael Leslie-Dodge
20 Finlay Road
Sturbridge, MA 01566

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher R. Donato
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

an answer to the complaint which is herewith served upon you, within _____twenty (20)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**TONY ANASTAS**
CLERK

_Sherry Jones_
(BY) DEPUTY CLERK

DATE   10-20-04

This form was electronically produced by Elite Federal Forms, Inc.

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

UNTIED STATES OF AMERICA

V.

MICHAEL R. LESLIE-DODGE

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  04-40183

TO: (Name and address of defendant)

Michael Leslie-Dodge
20 Finlay Road
Sturbridge, MA 01566

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher R. Donato
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

an answer to the complaint which is herewith served upon you, within  twenty (20)  days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS
CLERK

_Sherry Jones_
(BY) DEPUTY CLERK

DATE  10-20-04

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COURT NO. 04-40183 |
| ) | |
| MICHAEL R. LESLIE-DODGE, ) | |
| ) | |
| Defendants ) | |

## AMENDED COMPLAINT FOR MONEY JUDGMENT

The United States of America by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, hereby amends its complaint to reflect the following:

1. Kim E. Dodge has been removed as a defendant in this matter. Kim E. Dodge was released of liability through bankruptcy discharge.

2. The defendant, Michael R. Leslie-Dodge (hereinafter "Leslie-Dodge"), is an adult individual whose last-known address is 20 Finlay Road, Sturbridge, Massachusetts, has not been released of liability through bankruptcy discharge.

3. On or about July 1, 1998, FSA loaned to Leslie-Dodge the sum of $3,300 pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1941(b). The loan was evidenced by a promissory note, which was signed by Leslie-Dodge and co-signed by Kim E. Dodge. A copy of the note is attached hereto as Exhibit "A".

4. At the time Leslie-Dodge signed the promissory note, he was a minor.

5. The authorizing statute, 7 U.S.C. §1941 (b)(2), specifically provides that minors who execute promissory notes for such loans "thereby incur full personal liability the indebtedness evidenced by such note in accordance with its terms free of any disability of minority."

6. Leslie-Dodge has failed or refused to pay in accordance with the terms of the promissory note, and FSA accelerated the indebtedness on April 11, 2002.

7. The amounts due and owing on the promissory note as of July 27, 2004, are $3,300 in principal and $577.25 in interest, for a total of $3,877.25, with interest accruing at the rate of $0.5425 per diem, all as set forth on a statement of account attached hereto as Exhibit "B."

THEREFORE, the United States of America demands judgment against Leslie-Dodge in the amount of $3,877.25 plus interest at the rate of $0.5425 per diem from July 27, 2004 until the date of judgment, plus the costs of this action.

                          Respectfully submitted,

                          UNITED STATES OF AMERICA
                          By its attorneys

                          MICHAEL J. SULLIVAN
                          United States Attorney

By:  *[signature]*

                          CHRISTOPHER R. DONATO
                          Assistant U.S. Attorney
                          1 Courthouse Way, Suite 9200
                          Boston, MA 02210
                          (617) 748-3328

DATED: October 19, 2004

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

## PROMISSORY NOTE

| Name | |
|---|---|
| MICHAEL R. LESLIE-DODGE | |
| State | County |
| MASSACHUSETTS | WORCESTER |
| Case No. | Date |
| 25-016-▓▓▓▓-4926 | July 1, 1998 |
| Fund Code | Loan No. |
| 44 | 01 |

**KIND OF LOAN**
Type: __O.L.__
☒ Regular
☐ Limited Resource

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

**ACTION REQUIRING NOTE**
☒ Initial loan    ☐ Rescheduling
☐ Subsequent loan    ☐ Reamortization
☐ Consolidated & subsequent loan    ☐ Credit sale
☐ Consolidation    ☐ Deferred payments
☐ Conservation easement    ☐ Debt write down

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __HOLDEN, MA__ _____, or at such other place as the Government may later designate in writing, the principal sum of __THREE THOUSAND THREE HUNDRED AND NO/100__ dollars ($ __3,300.00__ ), plus interest on the unpaid principal balance at the RATE of __SIX__ percent ( __6.00__ %) per annum and __ZERO__ dollars ($ __0.00__ ) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __EIGHT__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ __592.00__ on __1/1/99__ ; $ __N/A__ on _____ ;
$ __N/A__ on _____ ; $ __N/A__ on _____ ;
$ __N/A__ on _____ ; $ __N/A__ on _____ ;
$ __N/A__ on _____ ; $ __N/A__ on _____ ;
$ __N/A__ on _____ ; $ __N/A__ on _____ ;
$ __N/A__ on _____ ; $ __N/A__ on _____ ;
and $ __592.00__ on _____ ; $ __N/A__ on _____ ;
thereafter on __January 1__ of each __year__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __SEVEN__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.


EXHIBIT A

U.S. G.P.O.: 1992 - 354-050/40511

FmHA 1940-17 (Rev. 4-92)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
|  | $ |  |  |  |  |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  |  | % | , 19 |  | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

As Cosigner:

_Michael R. Leslie-Dodge_
MICHAEL R. LESLIE-DODGE         (Borrower)

_Kim E. Dodge_
KIM E. DODGE

20 FINLAY ROAD
FISKDALE, MA 01518

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 3,300.00 | 7/1/98 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | $ | | $ | |
| | | TOTAL | | $ 3,300.00 | |

# FARM SERVICE AGENCY
## 445 WEST STREET
## AMHERST, MA 01002

### INDEBTEDNESS AS OF 07-27-04
### (PER ADPS)

**NAME:** MICHAEL R. LESLIE-DODGE
**CASE NUMBER:** 25-016-▇▇▇▇4926

| FUND CODE/ LOAN NO. | DATE OF LAST PAYMENT | UNPAID PRINCIPAL | UNPAID INTEREST | DAILY INTEREST ACCRUAL | DELINQUENT AS OF: 07-27-04 |
|---|---|---|---|---|---|
| 44-01 | 05-24-04 | $ 3,300.00 | $ 577.25 | $ .5425 | $ 2,927.15 |



_____
CARRIE L. NOVAK
Farm Loan Chief

Commonwealth of Massachusetts
                                    ss.
County of Hampshire

On this 27th day of July, 2004, before me, the undersigned Notary Public, personally appeared Carrie L. Novak, proved to me through satisfactory evidence of identification, which was a Massachusetts Drivers License, to be the person whose name is signed on the preceding document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.



_____
JANE ANN RICE
Notary Public

My Commission Expires January 29, 2010

